MJP/2024R00232

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Esther Salas |
| | : | |
| v. | : | Crim. No. 24-336 |
| | : | |
| JAMES GOMES | : | 18 U.S.C. § 1343 |

## INFORMATION

The defendant having waived in open court prosecution by Indictment, and any challenges based on venue, the United States Attorney for the District of New Jersey charges:

### Background

1. At certain times relevant to this Information:

    a. Defendant James Gomes ("GOMES"), who resided in Queens Village, New York, worked as the Manager of a New York-based branch of an international financial institution ("Financial Institution-A").

    b. "LK," who resided in Fort Lee, New Jersey, was a customer who maintained both a savings account and a checking account at Financial Institution-A (the "Bank Accounts").

    c. LK passed away on or about April 5, 2020.

### The Scheme to Defraud

2.  From in or around January 2020 through in or around April 2020, the defendant,

**JAMES GOMES**,

did knowingly and intentionally devise and intend to devise a scheme and artifice, affecting a financial institution, to defraud LK and to obtain money and property from LK by means of materially false and fraudulent pretenses, representations, and promises, as set forth below.

### Goal of the Scheme

3.  The goal of the scheme was for GOMES to unlawfully enrich himself by fraudulently obtaining LK's money from the Bank Accounts.

### Manner and Means of the Scheme to Defraud

4.  It was part of the scheme that:

    a. On more than a dozen occasions from on or about January 17, 2020 through on or about April 7, 2020, GOMES—using his position as a Branch Manager at Financial Institution-A—improperly accessed the Bank Accounts at Financial Institution-A without LK's authorization.

    b. On or about March 6, 2020, GOMES created an email address containing LK's name (the "Email Address"), which GOMES used and controlled.

    c. On or about March 9, 2020, GOMES enrolled the Bank Accounts in online banking at Financial Institution-A, without LK's authorization, and linked

the Email Address and GOMES' personal cellular phone number to the online banking profile.

   d. From on or about March 12, 2020 through on or about April 6, 2020, GOMES transferred without LK's authorization a total of approximately $208,938.68 from the Bank Accounts to GOMES' personal bank accounts at other financial institutions, a personal investment account, and a telecommunications provider.

   e. In furtherance of the fraud, GOMES sent emails from the Email Address to his own email account at Financial Institution-A to make it look like LK was emailing GOMES, including on or about April 6, 2020, after LK's death.

   f. Financial Institution-A ultimately incurred the loss from GOMES' fraudulent scheme by reimbursing LK's estate.

## Execution of the Scheme

5. On or about March 9, 2020, for the purpose of executing the scheme and artifice to defraud, the defendant,

**JAMES GOMES**,

did knowingly transmit and cause to be transmitted by means of wire communication in foreign commerce, certain writings, signs, signals, pictures, and sounds, namely on or about March 9, 2020, GOMES created an online banking account for LK while located in New York, which caused Financial Institution-A to send a wire through servers located in Canada.

In violation of Title 18, United States Code, Section 1343.

## FORFEITURE ALLEGATION

1. Upon conviction of the wire fraud offense charged in this Information, defendant **JAMES GOMES** shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(2), any property constituting, or derived from, proceeds the person obtained directly or indirectly, as the result of such violation.

## SUBSTITUTE ASSETS PROVISION

2. If any of the property described above, as a result of any act or omission of the defendant:

   a) cannot be located upon the exercise of due diligence;

   b) has been transferred or sold to, or deposited with, a third party;

   c) has been placed beyond the jurisdiction of the court;

   d) has been substantially diminished in value; or

   e) has been commingled with other property which cannot be divided without difficulty,

It is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

_Philip R. Sellinger_
PHILIP R. SELLINGER
United States Attorney
District of New Jersey

_[signature]_
MARGARET A. MOESER
Acting Chief, Money Laundering and
Asset Recovery Section
United States Department of Justice

CASE NUMBER: 24-336

# United States District Court
# District of New Jersey

**UNITED STATES OF AMERICA**

v.

**JAMES GOMES**

# INFORMATION FOR

**18 U.S.C. § 1343**

PHILIP R. SELLINGER
*UNITED STATES ATTORNEY*
*NEWARK, NEW JERSEY*

MARGARET A. MOESER
*ACTING CHIEF*
*MONEY LAUNDERING AND ASSET RECOVERY SECTION*

MARK J. PESCE
*ASSISTANT U.S. ATTORNEY*
*973-645-2793*

DAVID ZACHARY ADAMS
*TRIAL ATTORNEY*
*202-616-2598*